UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                      Criminal No. 06-208 (JNE/JJG)
v.                                           Civil No. 9-3473 (JNE)
                                           ORDER

James Brock Williams,

        Defendant.

This matter is before the Court upon Petitioner-Defendant James Brock Williams's ("Defendant") *pro se* motion, pursuant to 28 U.S.C. § 2255, for an order of this Court to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court denies the motion.

In addition, Defendant filed a motion to amend his § 2255 petition, seeking a sentence reduction under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) and proposed permanent Amendment 750 of the United States Sentencing Guidelines. The Court denies the motion without prejudice.

## I.    BACKGROUND

On March 8, 2007, a jury convicted Defendant on three counts including; conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A) and § 846; possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The United States Court of Appeals for the Eighth Circuit affirmed Defendant's conviction and sentence on direct appeal on July 28, 2008. *United States v. Williams*, 534 F.3d 980 (8th Cir. 2008). On December 4, 2009, Defendant timely filed the petition and motion presently before the Court to vacate, set aside, or

1

correct his sentence pursuant to 28 U.S.C. § 2255. Defendant alleges four grounds for the motion. First, Defendant alleges ineffective assistance of counsel providing numerous examples. Second, Defendant asserts his conviction for conspiracy was in violation of the Due Process Clause. Third, Defendant asserts the jury instructions constituted a violation of his Fifth Amendment right to be charged by a grand jury. Fourth, Defendant alleges ineffective assistance of appellate counsel. The United States opposes Defendant's motion.

On August 4, 2011, Defendant filed a motion to amend his § 2255 petition, seeking a sentence reduction under the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (2010) and proposed permanent Amendment 750 of the United States Sentencing Guidelines.

## II.     DISCUSSION

**A.     Standard of review**

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if (1) the sentence "was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under 28 U.S.C. § 2255(a) "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**B.     Ineffective assistance of counsel**

To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the two-prong test, Defendant

must show (1) trial counsel did not exercise the skills and diligence a reasonably competent attorney would exhibit under similar circumstances, and (2) the deficient performance prejudiced the defendant such that a reasonable probability exists the result of the trial would have otherwise been different. *Id.* at 688, 694. To establish a claim for ineffective assistance of counsel, a defendant faces a heavy burden. *Apfel*, 97 F.3d at 1076. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S at 689. It is not necessary to "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

1. *Failure to file motions to suppress evidence and admissions*

Defendant claims that defense counsel provided ineffective assistance, in part, by not seeking suppression of evidence and admissions made by Defendant following his arrest. This argument is factually incorrect. Defense counsel moved to suppress both the Defendant's statements and challenged the grounds on which the police officers conducted the search of Defendant's vehicle. (Def.'s Mot. Suppress Statement 1; Def.'s Mot. Suppress Evidence 1). The district court held a hearing on these matters on August 15, 2006 and denied Defendant's motions. (Order at 1, Sept. 29, 2006). Defense counsel further objected to the Report and Recommendation from the hearing, but the court denied both motions on February 9, 2007. (Def.'s Objection to Report and Recommendation 2; Order at 2, Feb. 9, 2007).

2. *Confidential informant*

Defendant also claims defense counsel was ineffective by not moving to strike the testimony of Ronald Melendez—the confidential informant used in obtaining Defendant's arrest—or otherwise demonstrating to jurors that he was unreliable and had a plea agreement. The record shows that Mr. Melendez's plea agreement with the United States was discussed at

great length during the trial.  (Trial Tr. vol. 1, 160-81, March 7, 2007)  Further, the district court instructed the jury at the close of the trial on how to weigh the testimony of Mr. Melendez with respect to his plea agreement, his previous abuse of drugs or alcohol, and generally how to treat impeached testimony or testimony of a convicted felon.  (Trial Tr. vol. 2, 363-66, March 8, 2007).  Therefore, there is no evidence that the attorney's conduct was anything but competent with respect to Mr. Melendez's testimony.

3.     *Jury instructions*

Defendant next contends defense counsel was ineffective by (1) not objecting to the district court's failure to instruct jurors on how to weigh the testimony of the confidential informant, (2) not objecting to jury instructions regarding how to use inadmissible evidence of prior bad acts, and (3) not objecting to jury instructions regarding the conspiracy charge.  These contentions are factually incorrect.  As previously stated, the court instructed the jury on how to weigh the testimony of Mr. Melendez.  (Trial Tr. vol. 2, 363-66, March 8, 2007).  Additionally, the court instructed the jury that evidence of Defendant's prior conviction could only show knowledge and intent.  (Trial Tr. vol. 2, 366, March 8, 2007).  Jurors are presumed to follow the court's instructions.  *Penry v. Johnson*, 532 U.S. 782, 799 (2001).  In regard to the conspiracy charge, defense counsel moved for a Federal Rule of Criminal Procedure 29 acquittal and in the alternative proposed jury instructions that the court declined to give.  (Trial Tr. vol. 2, 322-29, March 8, 2007).  The court struck the remarks made regarding prior drug transactions from the record and told jurors to disregard the comments.  (Trial Tr. vol. 1, 142, March 7, 2007).  The contention that the attorney did not object to jury instructions regarding the conspiracy reduces to a claim that there was insufficient evidence for conviction.  This was fully addressed in the Eighth Circuit and this motion points to no new information.  *Williams*, 534 F.3d at 985-86.

4. *Motion for mistrial*

Defendant alleges that his counsel provided ineffective assistance by withdrawing the motion for a mistrial after prosecutors had introduced evidence of prior criminal acts by Defendant. There is no evidence Defendant objected to his counsel not renewing the motion for mistrial at the time nor did he address the issue on direct appeal. The trial transcript shows that defense counsel conferred with Defendant before deciding not to renew the motion for a mistrial. (Trial Tr. vol. 1, 127-42, March 7, 2007). Strategic decisions are virtually unchallengeable unless they are based on deficient investigation and the limited investigation was unreasonable. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 690-91). Because Defendant has failed to show that his attorney's investigation was deficient or unreasonable, Defendant has failed to demonstrate deficient performance under the *Strickland* test. 466 U.S. at 688.

5. *Defendant's admissions used to prove conspiracy*

Defendant alleges counsel was ineffective by failing to object to the use of Defendant's statements to establish membership in the conspiracy. Again, this allegation is factually incorrect. As previously stated, defense counsel moved for a Federal Rule of Criminal Procedure 29 acquittal on the conspiracy charge, in part because it was based on alleged statements by Defendant to the police. (Trial Tr. vol. 2, 322-29, March 8, 2007). Additionally, defense counsel proposed jury instructions that the court declined to give. (Trial Tr. vol. 2, 322-29, March 8, 2007).

6. *Response to jury inquiries*

Defendant contends counsel was ineffective by failing to object to the court's method of responding to jury inquiries and that Defendant had a right to be present during these

proceedings. The jury asked for transcripts of some of the testimony and for a signed confession by Melendez. (Jury Question and Resp., Mar. 7, 2007, ECF No. 75.) The Court denied the request in writing explaining the jurors were bound to their own recollection. *Id.* The jury then inquired about the weight of the drug seized and whether they were to consider three Post-It notes attached to the trial evidence. (Jury Question and Resp., Mar. 7, 2007, ECF No. 76; Ct. Ex. A, ECF No. 77.) The Court instructed the jury through written communication that the Post-It notes had not been admitted into evidence and that they were to fully disregard them and that they should determine the total weight of the controlled substance. (Jury Question and Resp., ECF No. 76) The evidence submitted at trial supported the jury's findings regarding the weight of controlled substance, and there is no evidence that the Defendant's presence would have in any way affected the outcome of the trial. Therefore, there is no indication of prejudice under the *Strickland* standard. 466 U.S. at 694.

7.    *Jury instructions amending indictment*

Defendant next contends the jury instructions amounted to constructive amendment of the indictment, and defense counsel was ineffective by failing to object to the instruction. A constructive amendment violates a defendant's Fifth Amendment right to be charged by a grand jury and results in reversible error. *United States v. Harris*, 344 F.3d 803, 804 (8th Cir. 2003) (citation omitted). A jury instruction can function as a constructive amendment to an indictment "if it modifies the essential elements of the offense charged in the indictment." *United States v. Griffin*, 215 F.3d 866, 869 (8th Cir. 2000). Jury instructions modify essential elements of the offense charged if there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment. *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007).

Defendant claims that the court amended the indictment by instructing the jury that they need only find that he sold or attempted to sell a controlled substance as opposed to crack, the substance identified in the indictment. However, to convict a defendant of conspiring to violate 21 U.S.C. § 841(a) in violation of 21 U.S.C. § 846, "'[t]he government is not required to prove that the defendant actually knew the exact nature of the substance with which he was dealing.'" *United States v. Sheppard*, 219 F.3d 766, 769 (8th Cir. 2000) (citing *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir. 1976)). To obtain a conviction on a drug conspiracy charge, the law does not require proof that Defendant knew the precise drug he conspired to possess and distribute, so long as, he did in fact possess a controlled substance and knew that it was, at a minimum, a controlled substance. *Id*. at 770. With respect to knowledge, the jury instructions properly stated the law by requiring that Defendant had an agreement or understanding to distribute or possess with intent to distribute what he knew to be a controlled substance. (Trial Tr. vol. 2, 376-77, March 8, 2007). The judge did require the jury to find that the drug in question was cocaine based, the same controlled substance alleged in the indictment. (Trial Tr. vol. 2, 376-77, March 8, 2007). Therefore, the jury instructions did not constructively amend the indictment or amount to a material variance.

8. *Jury pool*

Defendant next asserts that defense counsel was ineffective in failing to challenge the jury pool where minorities were under-represented. To succeed on such a challenge, a defendant must show, not only actual misrepresentation of the minority group, but that the underrepresentation is due to the systematic exclusion of that group in the jury-selection process. *Kinder v. Bowersox*, 272 F.3d 532, 552 (8th Cir. 2001) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). In accordance with the local rules, the Court properly relied on state voter

registration lists to select the jury pool. D. Minn. LR 805. The Eighth Circuit has "consistently upheld the use of voter registration lists to select jury pools." *United States v. Sanchez*, 156 F.3d 875, 879 (8th Cir. 1998). Because Defendant made no showing that minority voters face an impediment in the voter registration process, this claim must fail.

**C.     Fifth Amendment entitlement to due process**

Defendant asserts there was insufficient evidence to uphold his conviction for conspiracy thereby violating his Fifth Amendment due process rights. This issue was addressed and rejected in Defendant's direct appeal to the United States Court of Appeals, Eighth Circuit. *Williams*, 534 F.3d at 985-86. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (citation omitted). Thus the Court declines to revisit this issue.

**D.     Fifth Amendment right to be charged by a grand jury**

Defendant argues that the District Court improperly amended the indictment by instructing jurors that they need not find Defendant possessed, with intent to distribute, the illegal drug specifically identified in the indictment, only that Defendant had an agreement or understanding to distribute a controlled substance. As previously stated, the jury instructions did not constitute a constructive amendment to Defendant's indictment. Therefore, Defendant's right to be indicted by grand jury was not violated.

**E.     Ineffective assistance of appellate counsel**

Defendant claims that appellate counsel was ineffective for the same reasons that trial counsel was ineffective. The *Strickland* test applies to appellate counsel as well as trial counsel. *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987) (citing *Bell v. Lockhart*, 795 F.2d 655, 657 & n. 6 (8th Cir. 1986)). Appellate counsel is permitted discretion to abandon losing issues

on appeal and is under no obligation to raise "every non-frivolous claim." *Reese v. Delo*, 94 F.3d 1177, 1185 (8th Cir. 1996) (citing *Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995)). For the same reasons Defendant cannot succeed on his ineffective assistance of counsel claim at the trial court level, his claim of ineffective appellate counsel is also unsuccessful. Defendant has failed to show any prejudice was suffered on appeal.

**F.     Motion to Amend**

Defendant filed a motion to amend his § 2255 petition, seeking a sentence reduction under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) and proposed permanent Amendment 750 of the United States Sentencing Guidelines. Proposed Amendment 750 accounts for the changes in the statutory penalties made by the Fair Sentencing Act of 2010 ("FSA"). On June 30, 2011, the United States Sentencing Commission voted unanimously to give retroactive effect to proposed Amendment. The retroactivity date of the proposed Amendment is November 1, 2011—the same day the Amendment itself takes effect. The Defendant's motion for relief pursuant to Amendment 750 is therefore premature. Accordingly, the Court declines to rule on the Defendant's request for a sentence reduction at this time.

Additionally, a motion for a reduction in sentence pursuant to Amendment 750 should be brought under 18 U.S.C. § 3582(c)(2). The Court notes that only the Amendment to the Sentencing Guidelines is retroactive and not the FSA of 2010 itself. Thus, the statutory minimum and maximum penalties in place at the time of Defendant's sentencing in 2007 still apply.

### III.     CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot

grant a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. The Court therefore declines to grant him a certificate of appealability.

## IV. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [Docket No. 107 in Criminal No. 6-208] is DENIED.

2. Defendant's motion to amend for a sentence reduction is DENIED.

3. Defendant is not entitled to a certificate of appealability.

   LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: October 26, 2011

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge